13-15085

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

**PEACE AND FREEDOM PARTY, PETA LINDSAY, and RICHARD BECKER,**

Plaintiffs-Appellants,

**v.**

**DEBRA BOWEN, in her official capacity as Secretary of State of the State of California,**

Defendant-Appellee.

On Appeal from the United States District Court
for the Eastern District of California

No. 12-00853-GEB-EFB
The Honorable Garland E. Burrell, Jr., Judge

### ANSWERING BRIEF OF DEFENDANT-APPELLEE

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
TAMAR PACHTER
Supervising Deputy Attorney General

ALEXANDRA ROBERT GORDON
State Bar No. 207650
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5509
 Fax:  (415) 703-5480
 Email:
 Alexandra.RobertGordon@doj.ca.gov
*Attorneys for Defendant-Appellee*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................... 1

JURISDICTIONAL STATEMENT ........................................... 1

STATEMENT OF ISSUES .................................................... 2

STATEMENT OF THE CASE ................................................ 2

STATEMENT OF FACTS ...................................................... 7

SUMMARY OF ARGUMENT ................................................ 8

ARGUMENT ....................................................................... 9

    I.    Standard of Review ..................................................... 9

    II.   The District Court Properly Dismissed the Complaint
        Without Leave to Amend ........................................... 11

        A.    The complaint fails to state a claim under the First
            and Fourteenth Amendments as a matter of law .......... 11

        B.    The complaint fails to state a claim under the
            Equal Protection Clause as a matter of law ................. 19

        C.    The complaint fails to state a claim under the
            Twentieth Amendment as a matter of law ................... 22

CONCLUSION ................................................................... 25

STATEMENT OF RELATED CASES ..................................... 26

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anderson v. Celebrezze*
  460 U.S. 780 (1983)........................................................ 11, 14, 17, 18

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)................................................................ 10, 12

*Balistieri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1990) ............................................................ 11

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)................................................................ 10, 19

*Bullock v. Carter*
  405 U.S. 134 (1972)............................................................ 15, 18, 24

*Burdick v. Takushi*
  504 U.S. 428 (1992)............................................................ 14, 15, 17

*Cervantes v. Countrywide Home Loans, Inc.*
  656 F.3d 1034 (9th Cir. 2011) .................................................. 10, 11

*Coto Settlement v. Eisenberg*
  593 F.3d 1031 (9th Cir. 2010) ............................................................ 10

*DeSoto v. Yellow Freight Sys., Inc.*
  957 F.2d 655 (9th Cir. 1992) ............................................................ 11

*Hassan v. Colorado*
  495 Fed. Appx. 947 (10th Cir. 2012) ................................................ 18

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*
  499 F.3d 1048 (9th Cir. 2007) ............................................................ 10

*Keyes v. Bowen*
  189 Cal.App.4th 647 (2011) ...................................................... 13, 21

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Kusper v. Pontikes*
    414 U.S. 51 (1973)................................................................ 16

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ......................................... 4, 10

*Lemons v. Bradbury*
    538 F.3d 1098 (9th Cir. 2008) ........................................... 18

*Libertarian Party of Wash. v. Munro*
    31 F.3d 759 (9th Cir. 1994) ............................................... 17

*Lubin v. Panish*
    415 U.S. 709 (1974).......................................................... 18

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
    519 F.3d 1025 (9th Cir. 2008) ............................................. 9

*N.A.A.C.P., Los Angeles Branch v. Jones*
    131 F.3d 1317 (9th Cir.1997) ............................................ 15

*Nader v. Cronin*
    620 F.3d 1214 (9th Cir. 2010) ........................................... 14

*Nevada Com'n on Ethics v. Carrigan*
    131 S.Ct. 2343 (2011)....................................................... 16

*Plyler v. Doe*
    457 U.S. 202 (1982).......................................................... 19

*Robinson v. Bowen*
    567 F.Supp.2d 1144 (N.D. Cal. 2008).............................. 21

*Rubin v. City of Santa Monica*
    308 F.3d 1008 (9th Cir. 2002) ..................................... 14, 15

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Socialist Workers Party v. Ogilvie*
  357 F.Supp. 109 (N.D. Ill. 1972) ....................................................... 23

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ........................................................... 10

*Storer v. Brown*
  415 U.S. 724 (1974) ....................................................................... 23

*Thorton v. City of St. Helens*
  425 F.3d 1158 (9th Cir. 2005) ......................................................... 20

*Timmons v. Twin Cities Area New Party*
  520 U.S. 351 (1997) ................................................................. passim

*Van Susteren v. Jones*
  331 F.3d 1024 (9th Cir. 2003) ......................................................... 21

*Ventura Mobilehome Communities Owners Ass'n v. City of San
  Buenaventura*
  371 F.3d 1046 (9th Cir.2004) .......................................................... 20

## TABLE OF AUTHORITIES
### (continued)

Page

**STATUTES**

California Elections Code

§ 10 ................................................................ 13
§ 6041 ........................................................ 7, 12
§ 6180 .............................................................. 7
§ 6340 .............................................................. 7
§§ 6340-6342 .................................................. 8
§ 6520 .............................................................. 7
§§ 6520-6522 .................................................. 8
§ 6720 ................................................... 7, 12, 13
§§ 6720-6724 .................................................. 8
§ 6722 .............................................................. 8
§ 6951 ......................................................... 7, 8
§ 6954 .............................................................. 7
§ 8120 .............................................................. 7

California Government Code

§ 1360 ...................................................... 13, 21
§ 12172.5 .................................................... 7, 13

United States Code, Title 28

§ 1291 .............................................................. 2
§ 1331 .............................................................. 1

**CONSTITUTIONAL PROVISIONS**

California Constitution Article XX

§ 3 ................................................................. 13

United States Constitution Article I

§ 2 .................................................................. 6

United States Constitution Article II

§ 1 ............................................................. 8, 23

v

# TABLE OF AUTHORITIES
## (continued)

**Page**

United States Constitution
 First Amendment ............................................................. 5, 11, 15, 16
 Fourteenth Amendment ........................................................ 3, 14, 19
 Twentieth Amendment ............................................................. passim

**COURT RULES**

Federal Rules of Civil Procedure
 Rule 12 ........................................................................................ 3, 9

Federal Rules of Evidence
 Rule 201 ..................................................................................... 3, 10

## INTRODUCTION

Peta Lindsay is a member of the Peace and Freedom Party who wanted to run in that party's 2012 primary election for President of the United States. At the time, Ms. Lindsay was by her own admission just 27 years old and therefore ineligible to hold the office of President. For this reason, California Secretary of State Debra Bowen (the "Secretary") declined to place Ms. Lindsay on the ballot. Plaintiffs sued the Secretary for violating constitutional rights secured by the First and Fourteenth Amendments, the Equal Protection Clause, and the Qualifications Clause. The Complaint, however, did not allege any facts in support of these claims, nor could it.

Plaintiffs appeal from the district court's grant of the Secretary's motion to dismiss the Complaint without leave to amend. Without any elaboration or authority, they argue that the district court erred by dismissing their action. Because plaintiffs have not, and cannot, state a claim upon which relief can be granted, this Court should affirm.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. §1331. The district court entered its order granting the Secretary's motion to dismiss plaintiffs' complaint with prejudice on December 11, 2012 and entered judgment that same day. Excerpts of Record (ER) 3, 4-16. The order and judgment is

1

final and appealable.  Appellants filed a timely Notice of Appeal on January

10, 2013.  ER 1-2.  This Court has jurisdiction under 28 U.S.C. §1291.

## STATEMENT OF ISSUES

1.    Did the district court err in dismissing the Complaint with

prejudice for failure to allege a legally cognizable claim under the First and

Fourteenth Amendments?

2.    Did the district court err in dismissing the Complaint with

prejudice for failure to allege a legally cognizable claim under the Equal

Protection Clause?

3.    Did the district court err in dismissing the Complaint with

prejudice for failure to allege a legally cognizable claim under the Twentieth

Amendment?

## STATEMENT OF THE CASE

Plaintiff the Peace and Freedom Party is a political party qualified for

participation in any primary election in California.  ER 47-48 (Complaint ¶

3.)  Peta Lindsay is one of a number of candidates who was seeking the

Peace and Freedom Party presidential nomination in 2012.  ER 48-49 ( *Id* ¶

4.)  Ms. Lindsay is a "bright young activist."  ER 48 (*Id.*)  Plaintiff Richard

Becker is a California resident who "supports the inclusion of Peta Lindsay

in the presidential primary preference ballot for the Peace and Freedom
Party [.]"  ER 49 (*Id.* ¶ 5.)

Plaintiffs sued the Secretary seeking declaratory and injunctive relief.
The Complaint alleges that the Secretary's decision not to place Ms. Lindsay
on the Peace and Freedom Party presidential primary ballot violates (1)
plaintiffs' First and Fourteenth Amendment free speech, association, and
voting rights; (2) the Qualifications Clause; and (3) the Equal Protection
Clause of the United States Constitution.  ER 50-53.  Plaintiffs also moved
for a preliminary injunction to compel the Secretary to place Ms. Lindsay's
name on the presidential primary ballot.  Supplemental Excerpts of Record
(SER) 10-25.  The district court denied the motion, ruling that plaintiffs had
not "shown a likelihood of success, nor raised serious questions, on the
merits of any claim."  SER 27-40.

The district court granted the Secretary's motion to dismiss plaintiff's
complaint with prejudice by order dated December 11, 2012.  ER 4-16.
After setting forth the proper standard for evaluating a Federal Rule of Civil
Procedure 12(b)(6) motion, ER 4-5,[1] the district court first considered

---

[1] The district court also granted the Secretary's request for judicial
notice, pursuant to Federal Rule of Evidence 201, of: (1) Plaintiffs' Motion
for Preliminary Injunction; (2) the district court's April 26, 2012 order
(continued…)

3

plaintiffs' claims under the First and Fourteenth Amendments.  ER 8-12.
The district court found that plaintiffs had failed to plead facts demonstrating
that the Secretary's decision to exclude Ms. Lindsay from the presidential
primary ballot "significantly restricted the availability of political
opportunity."  ER 10 (citing *Wash. State Republican Party v. Wash. State
Grange*, 676 F.3d 784, 791 n.4 (9th Cir. 2012)).  Rather, the district court
noted that any burden on plaintiffs' rights caused by the elimination of one
candidate from the ballot was "minimal," and thus the Secretary's decision
was subject only to rational basis review.  ER 10-11.  The court held that the
State may protect the integrity of the election process by restricting the
ballot to qualified candidates and that an age requirement is a "'neutral
candidacy qualification,' which 'the State certainly has the right to impose.'"
ER 11 (quoting *Bates v. Jones*, 131 F.3d 843, 847 (9th Cir. 1997)).  The
court also concluded that plaintiffs had not demonstrated that these state
interests "do not 'justify this minimal burden on [P]laintiffs' rights' caused

---

(…continued)
denying the motion for preliminary injunction; and (3) a February 13 letter
to the Secretary from the Peta Lindsay for President Campaign admitting
that Ms. Lindsay is 27 years old.  ER 6-7.  Plaintiffs apparently do not
appeal this portion of the district court's order, and in any event it was
proper for the court to consider these facts and documents, as they are "not
subject to reasonable dispute."  *See Lee v. City of Los Angeles*, 250 F.3d 668,
688-89 (9th Cir. 2001).

by Defendant's exclusion of an admittedly ineligible presidential candidate from the ballot."  ER 11 (quoting *Lemons v. Bradbury*, 538 F.3d 1098, 1102 (9th Cir. 2008)).  Because amendment would have been fruitless, the district court dismissed the First Amendment and due process claims with prejudice. ER 11-12.

The district court next considered and dismissed plaintiffs' equal protection claims because the "allegations in Plaintiffs' Complaint are woefully conclusory and insufficient to allege an Equal Protection Clause claim."  ER 12-14.  Specifically, the court found that, at a minimum, plaintiffs had failed to allege that they were treated differently from those similarly situated.  ER 12-13.  Because plaintiffs would not be able to allege an equal protection claim, "even if given the opportunity to amend," the court also granted this portion of the Secretary's motion to dismiss with prejudice.  ER 13-14.

Finally, the district court ruled that plaintiffs had failed to state a claim under the Twentieth Amendment.[2]  ER 14-15.  Pointing to Section 3 of the

---

[2] Plaintiffs mistakenly alleged this claim under the Qualifications Clause.  ER 14, 52.  The Qualifications Clause provides that "no Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be

(continued…)

Twentieth Amendment, which empowers Congress to "by law provide for the case wherein neither a President elect nor a Vice President elect shall have qualified," plaintiffs tried to argue that a State officer must be precluded from excluding even an admittedly unqualified candidate from the primary ballot. ER 14. The court disagreed, concluding that "Plaintiffs' argument is unsupported by the text or history of Section 3 of the Twentieth Amendment," which provides for the selection and succession of the presidency in the event that the president elect and/or the vice president elect could not assume office. ER 15 (citing 75 Cong. Rec. 3831, 3881). To the contrary, "[n]othing in the legislative history of Section 3 suggests Congress intended to limit state election officials' power to exclude ineligible candidates from a ballot involved in a Presidential election. Indeed, state election officials can and do prohibit certain candidates from appearing on the ballot, including those "who d[o] not satisfy the age requirement for

_____

(…continued)
chosen." U.S. Const. art. I, § 2, cl. 2. The Qualifications Clause, however, sets forth the requirements for membership in the United States House of Representatives, not for the Office of President and is thus inapplicable to this case. SER 38. In opposing the motion to dismiss, plaintiffs argued that the Secretary's decision not to place Ms. Lindsay on the primary ballot violated the Twentieth Amendment. ER 29-30. The district court construed the Qualifications Clause claim as if it had been brought pursuant to the Twentieth Amendment and redesignated it accordingly. ER 11.

becoming a member of Congress" or for becoming president of the United States." ER 15 (quoting *Storer v. Brown*, 415 U.S. 724, 736–37 (1974)). Because plaintiffs failed to allege facts "giving rise to a reasonable inference" that the Secretary's decision to omit Ms. Lindsay's name from the ballot was unlawful, the district court dismissed the Twentieth Amendment claim without leave to amend. ER 15.

The district court entered judgment in favor of the Secretary on December 11, 2012. ER 3. The plaintiffs timely appealed. ER 1-2.

## STATEMENT OF FACTS

The California Secretary of State is the state's chief elections officer. Cal. Gov't Code § 12172.5. She is responsible for ensuring that state elections are conducted efficiently and that the election laws are enforced. *Id*. Consistent with these obligations, the Secretary was required to provide local elections officials with a certified list of the names of candidates, generally recognized to be seeking the nomination of their respective parties, to appear on the June 5, 2012 Presidential Primary Election ballot. Cal. Elec. Code §§ 6041, 6180, 6340, 6520, 6720, 6951, 6954 & 8120. Prior to doing so, and no later than 120 days before the election, the Secretary was required to announce and publicize the list of those persons whom she

7

intended to place on the primary election ballot.  Cal. Elec. Code §§ 6340-6342, 6520-6522, 6720-6724.  In 2012, the 120th day was February 6, 2012.

On March 29, 2012, the Secretary distributed a certified list of all the presidential primary candidates to local elections officials.  ER 50; *see also* Cal. Elec. Code §§ 6722, 6951.  The Secretary did not place Ms. Lindsay on this certified list.  ER 50.  It is undisputed that at that time, Ms. Lindsay was 27-years old, *see* ER 4;SER 7, 30, and therefore ineligible to serve as President.  U.S. Const. art. II, § 1, cl. 5 ("neither shall any person be eligible to that office who shall not have attained to the age of thirty-five years").

## SUMMARY OF ARGUMENT

The Secretary may take reasonable steps to ensure that a primary election is conducted legally, fairly and efficiently  As a matter of law, plaintiffs cannot state a claim for violation of the First and Fourteenth Amendments, the Equal Protection Clause, or the "Qualifications Clause" of the Twentieth Amendment based on the Secretary's decision to exclude from the primary ballot a candidate who was indisputably ineligible for office.

Plaintiffs' First and Fourteenth Amendments claims fail because Ms. Lindsay, who was 27 years old in 2012, was eight years shy of meeting the age requirement to hold Presidential office.  The Secretary's decision not to

8

place Ms. Lindsay's name on the ballot was reasonable and justified by the State's regulatory interests in protecting the integrity of the election process and avoiding voter confusion.

Plaintiffs' Equal Protection Clause claim fails because the Complaint does not and cannot allege that the Secretary treated Ms. Lindsay differently by, for example, placing on the primary ballot any other candidate who was admittedly unqualified to serve as President. Their Qualifications Clause claim is meritless because the Twentieth Amendment does not prevent State officials from eliminating from the ballot candidates who do not fulfill the eligibility requirements to hold presidential office. Accordingly, and because leave to amend would be futile, the district court properly dismissed the Complaint with prejudice.

## ARGUMENT

### I.   STANDARD OF REVIEW

This Court reviews de novo an order dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). In conducting this review, this Court applies the same standards as the district court. *Id.* "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

9

face.'"  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555(2007); instead, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id*.  The appellate court must accept as true all factual allegations in the complaint. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 129 S.Ct. at 1949; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Beyond the face of the complaint and any items attached thereto, the appellate court may also consider the following documents if part of the district court record: (a) documents identified in the complaint that were not attached but central to the plaintiff's claims, (b) court records and other public records, and (c) matters otherwise judicially noticeable under Federal Rule of Evidence 201.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d at 689.

A district court's denial of leave to amend is reviewed for an abuse of discretion." *Cervantes*, 656 F.3d at 1041. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id*. The district court does not abuse its discretion in denying leave to amend where the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Balistieri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. THE DISTRICT COURT PROPERLY DISMISSED THE COMPLAINT WITHOUT LEAVE TO AMEND

### A. The Complaint Fails To State a Claim Under the First and Fourteenth Amendments as a Matter of Law

To adequately plead a violation of the First and Fourteenth Amendments, plaintiffs must allege facts demonstrating that the Secretary's decision to omit Ms. Lindsay from the ballot was not reasonably related to a legitimate goal. *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983). Plaintiffs failed to do so. Instead, Counts One, Two, and Three of the Complaint allege baldly that the Secretary's decision violates the First Amendment speech, association, and voting rights of the Peace and Freedom Party, Ms. Lindsay, and Mr. Becker. ER 50-52. The Complaint is devoid of

11

any factual allegations to support plaintiffs' claims.  The legal conclusion that their rights have been violated is insufficient.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 129 S.Ct. at 1950.  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of any 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Here, plaintiffs did not allege facts demonstrating how their rights were violated.

Indeed, plaintiffs cannot allege facts demonstrating that the Secretary's decision not to place on the ballot a candidate who indisputably is ineligible to be President violates their constitutional rights.  *See* SER 27-38.  On appeal, plaintiffs repeat their contention that, pursuant to California Elections Code section 6720,[3] the Secretary lacks authority to exclude the name of a candidate from the presidential primary ballot for any reason other

---

[3] Although plaintiffs cite to Elections Code section 6041 as governing the placement of names of candidates on the presidential primary ballot, AOB 12, that section governs only the Democratic Party ballot.  The placement of names on the Peace and Freedom Party ballot is governed by Elections Code section 6720.  That section directs the Secretary to "place the name of a candidate upon the Peace and Freedom Party presidential preference ballot when the Secretary of State has determined that the candidate is generally advocated for or recognized throughout the United States or California as actively seeking the presidential nomination of the Peace and Freedom Party or the national party with which the Peace and Freedom Party is affiliated."

than being "not generally recognized," and thus, that the exclusion of Ms. Lindsay is unconstitutional. AOB 11-12. The district court correctly rejected this argument. ER 8-11; SER 32-34. Although plaintiffs focus solely on the statute that governs the placement of recognized candidates on the presidential primary ballot, *see* Cal. Elec. Code § 6720, that provision must be read in the context of the Elections Code as a whole, which confers upon the Secretary broad authority with respect to the conduct of elections. *See* Cal. Elec. Code § 10; *see also* Cal. Gov't Code 12172.5. As the state's chief elections officer, the Secretary's duty is to ensure that elections are efficient, fair, and compliant with state law. Cal. Gov't Code § 12172.5. She is also sworn to uphold the United States Constitution. Cal. Const., art. XX, § 3; Cal. Gov't Code § 1360. It is well within the Secretary's broad authority to exclude from the primary ballot a candidate who, by her own admission, is not qualified to be President. *See* Cal. Gov't Code §§ 1360, 12172.5; *cf. Keyes v. Bowen*, 189 Cal.App.4th 647, 659 (2011).

The Supreme Court has recognized that states have wide-ranging authority to regulate the elections process:

> Common sense, as well as constitutional law, compels the conclusion that government must play an active role in structuring elections; "as a practical matter, there must be a substantial regulation of elections if they are

13

> to be fair and honest and if some sort of order, rather
> than chaos, is to accompany the democratic processes."

*Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (quoting *Storer v. Brown*, 415 U.S. 724, 730 (1974)); *see also* SER 32-34.  "States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder."  *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997).  Although state regulation of elections, including regulation of the selection and eligibility of candidates, "inevitably affects" an individual's First and Fourteenth Amendment right to vote and to associate with others for political ends, where a state law imposes only reasonable, non-discriminatory restrictions on these rights, "the State's important regulatory interests are generally sufficient to justify the restrictions."  *Anderson v. Celebrezze*, 460 U.S. at 788.  The Supreme Court has thus upheld "generally-applicable and even-handed restrictions that protect the integrity and reliability of the electoral process itself."  *Id.* at 788, n.9; *see also Nader v. Cronin*, 620 F.3d 1214, 1217-18 (9th Cir. 2010); *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1014 (9th Cir. 2002).

When deciding whether a state election law violates the First and Fourteenth Amendments, courts must "weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the

14

State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary." *Burdick*, 504 U.S. at 434 (quoting *Anderson*, 460 U.S. at 788). "No bright line separates permissible election-related regulation from unconstitutional infringements on First Amendment freedoms." *Timmons*, 520 U.S. at 359. But "[b]ecause 'the State's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions,' . . . a party challenging such a regulation bears a 'heavy constitutional burden.'" *Rubin*, 308 F.3d at 1017 (citation omitted). Plaintiffs have not, and cannot, meet this burden here.

The Secretary did not place on the primary ballot the name of a candidate who admittedly was ineligible for office. It is unclear, and plaintiffs do not explain, how this action could have injured their constitutional rights. On appeal, plaintiffs argue that Ms. Lindsay was "denied the ability to deliver her political message." Appellants' Opening Brief (AOB) at 11. However, there is no fundamental right to run for office or to express one's political views through candidacy. *Bullock v. Carter*, 405 U.S. 134, 143 (1972); *N.A.A.C.P.*, *Los Angeles Branch v. Jones*, 131 F.3d 1317, 1324 (9th Cir.1997) ("[c]andidates do not have a fundamental right to run for public office").

15

Plaintiffs' related argument, that the Secretary denied the Peace and Freedom Party's right to present an alternative to the two-party system, also fails. *See* AOB 8, 12. There is no right "to use the ballot itself to send a particularized message." *Timmons*, 520 U.S. at 363 (citation omitted); *see also id.* at 359 ("That a particular individual may not appear on the ballot as a particular party's candidate does not severely burden that party's associational rights."); *Nevada Com'n on Ethics v. Carrigan*, 131 S.Ct. 2343, 2351 (2011) (stating that Supreme Court has "rejected the notion that the First Amendment confers a right to use governmental mechanics to convey a message."); ER 10 (noting that what is listed on the ballot is not a forum for political expression).[4]

Moreover, restricting Ms. Lindsay's access to the primary ballot does not limit access to the ballot by Peace and Freedom Party candidates generally, nor does it "restrict the availability of political opportunity" to

---

[4] *Kusper v. Pontikes*, 414 U.S. 51 (1973), the sole case plaintiffs cite, is not to the contrary. In *Kusper*, the court considered a statute that prohibited a person from voting in primary if he had voted in the primary of another political party within the preceding 23 calendar months. That case stands only for the proposition that "unduly restrictive state election laws may so impinge upon freedom of association as to run afoul of the First and Fourteenth Amendments." 414 U.S. at 57. The Secretary's decision to exclude from the ballot a candidate who is ineligible for office bears no resemblance to the challenged statute in *Kusper*.

16

them.  *Libertarian Party of Wash. v. Munro*, 31 F.3d 759, 762 (9th Cir.

1994).  It is entirely possible that an "eligible candidate will adequately

reflect the perspective of those who might have voted for a candidate who

has been excluded."  *Anderson*, 460 U.S. at 793, fn.15 (internal quotations

and citation omitted).  Further, although the Secretary would not include Ms.

Lindsay on the primary ballot, she did not otherwise limit Ms. Lindsay's

ability to participate in the political process.  The Complaint does not allege

facts tending to show, and there is no reason, why the Secretary's decision

would preclude Ms. Lindsay from either espousing her political views or

advocating for the Peace and Freedom Party platform.  Any burden on

plaintiffs' constitutional rights arising from the Secretary's decision thus

would be minimal.  *See Burdick*, 504 U.S. at 434.

Where, as here, restrictions are not severe and are generally applicable,

even-handed, politically neutral, and protect the reliability and integrity of

the election process, the state need only show that the restriction is

reasonable and justified by its regulatory interests.  *See Timmons*, 520 U.S.

at 364.  The constitutional eligibility criteria for the presidency, including

age eligibility, is a "neutral candidacy qualification, which the State is

authorized to impose."  ER 11.  In this case, the State's important interests in

protecting the integrity of the election process and avoiding voter confusion

17

justify barring from the ballot a candidate who is admittedly ineligible, and any limitation on the plaintiffs' rights that may impose. *See, e.g.*, *Hassan v. Colorado*, 495 Fed. Appx. 947, 948-49 (10th Cir. 2012) ("[A] state's legitimate interest in protecting the integrity and practical functioning of the political process permits it to exclude from the ballot candidates who are constitutionally prohibited from assuming office."). Indeed, the Supreme Court has emphasized the compelling nature of these state interests: "the State understandably and properly seeks to prevent the clogging of its election machinery, [and] avoid voter confusion . . . . Moreover, a State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies." *Bullock v. Carter*, 405 U.S. at 145; *see also Lubin v. Panish*, 415 U.S. 709, 715 (1974) ("[T]he State's interest in keeping its ballots within manageable, understandable limits is of the highest order").

Accordingly, the Secretary's generally-applicable, even-handed, and non-discriminatory decision not to place Ms. Lindsay on the primary ballot does not violate the First and Fourteenth Amendments. *See Anderson*, 460 U.S. at 788; *Lemons v. Bradbury*, 538 F.3d 1098, 1103-05 (9th Cir. 2008). Because plaintiffs have not, and cannot, state a claim under the First and

Fourteenth Amendments, the district court properly dismissed with prejudice Counts One, Two, and Three of the Complaint.

### B.    The Complaint Fails To State a Claim Under the Equal Protection Clause as a Matter of Law

Count Five of the Complaint alleges that the Secretary's decision "discriminates against the Peace and Freedom Party, their supporters and allies and Peta Lindsay in violation of the Equal Protection Clause."  ER 52-53.  Plaintiffs' Equal Protection Clause claim is scarcely more elaborated than their First and Fourteenth Amendment claims, and also does not satisfy their pleading burden.  *See, e.g., Twombly*, 550 U.S. at 555.  The allegation that the Secretary "singl[ed] out a minor party" and "the only African American female candidate for Presidency" when "the Secretary previously recognized her lack of authority to do so, and exercised no such usurped authority for other candidates for the Presidency," ER 53, fails to state an equal protection claim as a matter of law.

"The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike."  *Plyler v. Doe*, 457 U.S. 202, 216 (1982).  "But so too, the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same."  *Id.* (citation omitted).  Although the basis of plaintiffs' Equal

19

Protection claim is unclear, whether it is premised on a "class of one" or "selective enforcement," to "allege a viable equal protection claim, Plaintiffs must demonstrate that they were treated differently from those similarly situated."  ER 12 (citing *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)).

The Complaint does not identify even one other candidate similarly situated to Ms. Lindsay, let alone allege that she was treated differently than they.  Accordingly, plaintiffs' equal protection claim fails at the threshold. *See Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1055 (9th Cir.2004) (conclusory allegations of equal protection violation, unaccompanied by allegations identifying others similarly situated or alleging how they are treated differently from plaintiff, were insufficient to withstand motion to dismiss); *see also Thorton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiffs argue that Ms. Lindsay is similarly situated to other candidates because she won the support of the Peace and Freedom Party. AOB 14.  However, the Complaint does not identify the "other candidates" with whom plaintiffs are comparing Ms. Lindsay, let alone identify a candidate that, like Ms. Lindsay, was admittedly unqualified to be President. To the extent that plaintiffs are referring to various attempts to remove from

20

the ballot presidential candidates whose qualifications were fiercely contested, *see, e.g., Robinson v. Bowen*, 567 F.Supp.2d 1144, 1146-47 (N.D. Cal. 2008); *Keyes v. Bowen*, 189 Cal.App.4th at 659-61,[5] Ms. Lindsay's admission of facts establishing her own ineligibility fundamentally differentiates her from the presidential candidates in these lawsuits. *See* SER 37. Because she is not "similarly situated" to these other candidates, the Secretary's decision not to place Ms. Lindsay on the primary ballot does not violate the Equal Protection Clause. *See Van Susteren v. Jones*, 331 F.3d 1024, 1027 (9th Cir. 2003). The district court thus correctly dismissed with prejudice plaintiffs' Equal Protection Clause claim.

---

[5] In *Keyes,* the court held that the Secretary did not have a ministerial duty to verify that President Obama met the constitutional qualifications for office before certifying him for the ballot. *See* 189 Cal.App.4th at 659-61. In *Robinson v. Bowen*, the court denied a motion to enjoin the Secretary from including Senator John McCain on the presidential ballot based on allegations that Senator McCain was not a "natural born citizen." *See* 567 F.Supp.2d at 1145-47. In so doing, the court held that the challenge to Senator McCain's citizenship was committed to Congress. *Id.* at 1146-47.

This case is fundamentally different from *Keyes* and *Robinson*. Here, the Secretary did not investigate or evaluate Ms. Lindsay's qualifications; the Secretary just observed Ms. Lindsay's admission of her age, which was alone sufficient to establish her ineligibility for office. SER 37. Where, as here, a candidate is manifestly and inarguably unqualified, the Secretary may, in her discretion, decide not to place that candidate on the primary ballot. *See* Cal. Gov't Code §§ 1360.

### C. The Complaint Fails To State a Claim Under the Twentieth Amendment as a Matter of Law

Plaintiffs' claim under the "Qualifications Clause" of the Twentieth Amendment fails as a matter of law. The Twentieth Amendment provides:

> If, at the time fixed for the beginning of the term of the President, the President elect shall have died, the Vice President elect shall become President. If a President shall not have been chosen before the time fixed for the beginning of his term, or if the President elect shall have failed to qualify, then the Vice President elect shall act as President until a President shall have qualified; and the Congress may by law provide for the case wherein neither a President elect nor a Vice President elect shall have qualified, declaring who shall then act as President, or the manner in which one who is to act shall be selected, and such person shall act accordingly until a President or Vice President shall have qualified.

Plaintiffs assert, without any authority or legal support, that under the Twentieth Amendment, only Congress may exclude a candidate from the ballot and thus that the Secretary's decision not to place Ms. Lindsay's name on the primary ballot is unlawful. AOB 16. Even assuming that the Complaint contains any facts to support such a claim, and it does not, it is legally erroneous. As the district court noted, plaintiffs' argument finds no support in the text or history of the Twentieth Amendment. ER 15 (citing 75 Cong. Rec. 3831, 3881).

22

To the contrary, the Twentieth Amendment provides that in some circumstances, it is within the province of Congress to decide whether the President meets the qualifications to serve; it does not confine to Congress the exclusive power to decide whose names shall be placed upon all, or any, of the ballots in the United States. Although plaintiffs assert that state officers cannot exclude a candidate who fails to meet constitutional requirements for holding office, AOB 16, "state election officials can and do prohibit certain candidates from appearing on the ballot, including those "who d[o] not satisfy the age requirement for becoming a member of Congress" or for becoming president of the United States." ER 15; *see also Storer*, 415 U.S. at 736–37 (stating that a candidate "who did not satisfy the age requirement for becoming a member of Congress" may be "absolutely and validly barred from the ballot" by California election officials); *Socialist Workers Party v. Ogilvie*, 357 F.Supp. 109, 113 (N.D. Ill. 1972) ("Amendment XX, Section 3 of the United States Constitution does not foreclose the Defendant[ ] from precluding from [the] ballot a would-be candidate for President who does not fulfill the eligibility requirements specified in Article II, Section 1 of the United States Constitution.").

Plaintiffs' contention that ballot access should be entirely divorced from eligibility is simply incorrect. Placing a candidate who cannot assume

23

office on the ballot creates the risk that the individual will receive votes that otherwise would have gone to an eligible candidate. The ballot is not a public forum for anyone to access as they please; the State has an interest in ensuring that the names listed on the ballot represent an actual contest of eligible candidates, especially when the election is for a national office. *See Timmons*, 520 U.S. at 363. "The State understandably and properly seeks to prevent the clogging of its election machinery, [and] avoid voter confusion . . . . Moreover, a State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies." *Bullock v. Carter*, 405 U.S. at 145.

Plaintiffs have not and cannot allege facts to support their claim that the Secretary excluded Ms. Lindsay from the primary ballot in contravention of the Twentieth Amendment. Accordingly, the district court correctly dismissed Count Four of the Complaint without leave to amend.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that this Court affirm the district court's grant of the motion to dismiss and judgment in favor of the Secretary.

Dated:  May 22, 2013          Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/ Alexandra Robert Gordon*
ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendant-Appellee*

13-15085

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**PETA LINDSAY; et al.,**

                              Plaintiff-Appellant,

          **v.**

**DEBRA BOWEN,**

                              Defendant-Appellee.

### STATEMENT OF RELATED CASES

To the best of our knowledge, there are no related cases.

Dated:  May 22, 2013          Respectfully Submitted,

                              KAMALA D. HARRIS
                              Attorney General of California
                              DOUGLAS J. WOODS
                              Senior Assistant Attorney General
                              TAMAR PACHTER
                              Supervising Deputy Attorney General

                              */s/ Alexandra Robert Gordon*
                              ALEXANDRA ROBERT GORDON
                              Deputy Attorney General
                              *Attorneys for Defendant-Appellee*

26

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED.R.APP.P 32(a)(7)(C) AND CIRCUIT RULE 32-1
## FOR 13-15085

I certify that:  (check (x) appropriate option(s))

[X]  1.  Pursuant to Fed.R.App.P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached **opening/answering/reply/cross-appeal** brief is

[X]  Proportionately spaced, has a typeface of 14 points or more and contains 5,412 words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 14,000 words; reply briefs must not exceed 7,000 words

or is

[ ]  Monospaced, has 10.5 or fewer characters per inch and contains ____ words or ___ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 14,000 words or 1,300 lines of text; reply briefs must not exceed 7,000 words or 650 lines of text).

[ ]  2.  The attached brief is **not** subject to the type-volume limitations of Fed.R.App.P. 32(a7)(B) because

[ ]  This brief complies with Fed.R.App.P 32(a)(1)-(7) and is a principal brief of no more than 30 pages or a reply brief of no more than 15 pages.

or

[ ]  This brief complies with a page or size-volume limitation established by separate court order dated _____ and is

[ ]  Proportionately spaced, has a typeface of 14 points or more and contains _____ words,

or is

[ ]  Monospaced, has 10.5 or fewer characters per inch and contains __ pages or __ words or __ lines of text.

[ ]  3.  Briefs in **Capital Cases**.
This brief is being filed in a capital case pursuant to the type-volume limitations set forth at Circuit Rule 32-4 and is

[ ]  Proportionately spaced, has a typeface of 14 points or more and contains _____ words (opening, answering and the second and third briefs filed in cross-appeals must not exceed 21,000 words; reply briefs must not exceed 9,800 words).

or is

[ ]  Monospaced, has 10.5 or fewer characters per inch and contains __ words or __ lines of text (opening, answering, and the second and third briefs filed in cross-appeals must not exceed 75 pages or 1,950 lines of text; reply briefs must not exceed 35 pages or 910 lines of text).

☐ 4. **Amicus Briefs**.

☐ Pursuant to Fed.R.App.P 29(d) and 9th Cir.R. 32-1, the attached amicus brief is proportionally spaced, has a typeface of 14 points or more and contains 7,000 words or less,

or is

☐ Monospaced, has 10.5 or few characters per inch and contains not more than either 7,000 words or 650 lines of text,

or is

☐ Not subject to the type-volume limitations because it is an amicus brief of no more than 15 pages and complies with Fed.R.App.P. 32 (a)(1)(5).

| May 22, 2013 | /s/ Alexandra Robert Gordon |
|---|---|
| Dated | Alexandra Robert Gordon<br>Deputy Attorney General |

# CERTIFICATE OF SERVICE

Case Name:   **Peta Lindsay v. Bowen (Appeal)**     No.   **13-15085**

I hereby certify that on <u>May 22, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWERING BRIEF OF DEFENDANT-APPELLEE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 22, 2013</u>, at San Francisco, California.

|  |  |
|---|---|
| N. Newlin | s/ N. Newlin |
| Declarant | Signature |

20695983.doc